UNITED STATES of America,
Plaintiff—Appellee,

v.

Bobby Darnell GWIN, Defendant—
Appellant.

No. 02–30307.
D.C. No. CR–01–00356–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 1, 2003.

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

MEMORANDUM *

Appellant Bobby Darnell Gwin appeals his conviction following a jury trial for carrying a firearm in commission of a drug trafficking crime, being a felon in possession of a firearm, and possession with intent to distribute cocaine. We affirm.

The district court did not err by denying Gwin's motion to suppress. The officer's experience with the apartment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

complex, a high-crime area, coupled with Gwin's actions upon the arrival of the police,[1] gave rise to reasonable suspicion for a stop under *Illinois v. Wardlow*, 528 U.S. 119, 120, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

The district court did not abuse its discretion by deciding the motion to suppress without conducting an evidentiary hearing. Gwin's cursory statement that he would contradict the government's version of the facts was not "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search [were] in issue." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986). In addition, it appeared from the motion and the government's reply that the parties were generally in agreement about the material facts related to the stop.

Nor was there any abuse of discretion in denying Gwin's motion to reconsider the suppression motion. To the extent that there were any discrepancies between Officer Harris's testimony at trial and the facts on which the district court based the original suppression ruling, the differences were trivial or irrelevant, and the district court properly refused to revisit the order.

Gwin's claim of ineffective assistance of counsel is not appropriate for review on direct appeal. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000).

AFFIRMED.

---

1. The actions taken by Gwin after he was told to stop can be considered for the purposes of determining whether or not Officer Harris had reasonable suspicion. *See California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (defendant is only "seized" when police officer uses physical force or when defendant submits to police officer's assertion of authority); *United States v. Santamaria–Hernandez*, 968 F.2d 980, 983–84 (9th Cir.1992) (considering defendant's behavior after initial police contact but before seizure, per *Hodari D.*, in determining whether or not the police officer had founded or reasonable suspicion).